# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Harold Powell, | ) |
| *Petitioner*, | ) |
| v. | ) No. 17 C 5358 |
| | ) Judge Virginia M. Kendall |
| Gregg Scott, Director, Rushville Treatment and Detention Center, and Lisa Madigan, Attorney General, State of Illinois, | ) |
| *Respondents*. | ) |

## MEMORANDUM OPINION AND ORDER

Petitioner Harold Powell, an Illinois state inmate, brings this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (Dkt. 1). Powell is currently in the custody of the Illinois Department of Human Services at the Treatment and Detention Facility in Rushville, Illinois and asks this Court to grant the petition and order his immediate release on eight grounds. For the reasons detailed within, Powell's petition is denied for stating claims not cognizable under § 2254.

## BACKGROUND

Harold Powell was convicted of Aggravated Criminal Sexual Assault and Aggravated Kidnapping in 1987. (Dkt. 1, at ¶ 5). Powell was originally sentenced to a term of natural life, but on appeal his sentence was vacated and remanded for resentencing. (*Id.* at ¶ 6). He was ultimately sentenced to a term of 30 years for the sexual assault and fifteen years for the kidnapping, with the sentences running

concurrently. (*Id.*) The Illinois Department of Corrections calculated Powell's Projected Mandatory Supervised Release ("MSR") date as September 30, 2000 and Powell's complete discharge from his sentence to be September 30, 2003. (*Id.* at ¶¶ 7-8).

On September 25, 2000, five days before Powell's MSR date, the State of Illinois, in conjunction with the Cook County State's Attorney, filed a Petition to Commit Harold Powell as a sexually violent person under the Sexually Violent Persons Commitment Act ("the Act"). (Dkt. 1, at ¶¶ 9, 35). After a hearing on October 25, 2000, the court found there was probable cause that Powell was subject to commitment under the Act. (Dkt. 17-1, *In re Det. Powell,* 2016 ILL App (1st) 130795-U). Powell's attorney had stipulated to the probable cause finding. (Dkt. 1, at ¶ 34). Subsequently, Powell moved to dismiss the petition arguing that it was not timely filed under the deadlines outlined in the Act. Ultimately, the Illinois Supreme Court found the petition was timely as any delay was the result of Powell's refusal to sign his MSR. *In re Det. of Powell,* 217 Ill.2d 123, 142-43 (2005).

Powell's civil commitment trial began on March 1, 2011 and a mistrial was declared after the jury was unable to agree on a verdict. *See In re Det. of Powell,* No. 00 CR 80003 (Ill. Cir. Ct. March 8, 2011). Powell again moved to dismiss the petition under the premise that the Act required dismissal upon a hung jury, but the trial court denied this motion. *See In re Det. of Powell,* No. 00 CR 80003 (Ill. Cir. Ct. March 15, 2011). Approximately one year later, Powell sought leave from the Illinois Supreme Court for leave to file a complaint for an order of mandamus directing the

trial court to dismiss the petition. This motion was denied on April 16, 2012. *See Powell v. Porter,* No. 114024 (Ill. 2012).

Powell proceeded to file a Motion for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 along with a Motion to Stay the State Court Proceedings in the Sexually Violent Persons Petition. Powell's § 2241 petition, based largely on identical claims as the present Petition, was dismissed without prejudice due to this Court's jurisdictional restrictions related to concurrent state court proceedings. *Powell v. Saddler,* 2012 WL 3880198, at *7 (N.D. Ill. Sept. 6, 2012).

The State began its second trial of Powell under the Act on September 18, 2012. *See In re Det. Powell*, 2016 IL App (1st) 130795-U, at ¶8. The jury returned a verdict in favor of commitment and the court issued an order committing Powell to the custody of the Illinois Department of Human Services. *Id.* at ¶14. Powell then appealed the verdict to the Illinois Appellate Court which affirmed the verdict and trial court order. *Id.* at ¶ 162. Powell's petition for leave to appeal to the Supreme Court of Illinois was denied. (Dkt. 17-1, PLA and Order, *In re Det. Powell*, No. 120794).

Powell timely filed the instant Petition on July 20, 2017, and seeks his immediate release on the following eight grounds:

1) The petition to civilly commit Powell was not timely filed.
2) Powell never received a probable cause hearing as required by the Sexually Violent Persons Commitment Act.

3) *Ex post facto* principles prevented the application of the 2001 amendments of the Act to Powell's case.

4) The delay in going to trial violated both the United States and Illinois Constitutions.

5) Principles of double jeopardy prevented the re-trial of Powell after the jury failed to reach a unanimous verdict.

6) The State improperly relied on Powell's prior juvenile convictions in establishing he was a sexually violent person.

7) The State violated Powell's Confrontation Clause rights when testifying experts relied on hearsay in the form of other, non-testifying expert reports.

8) The State violated Powell's Confrontation Clause rights when Dr. Buck, an expert witness, was allowed to testify in violation of the Act.

## STANDARD OF REVIEW

Powell's petition is governed by the Antiterrorism and Effective Death Penalty Act. 28 U.S.C. § 2254. Under the AEDPA, if a state court adjudicated a constitutional claim on the merits, a federal court may grant habeas relief only if the adjudication of a petitioner's claim:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Williams v. Taylor,* 529 U.S. 362, 376 (2000). In reviewing the merits of a petition for habeas relief, "[t]he relevant decision for purposes of our assessment is the decision of the last state court to rule on the merits of the petitioner's claim." *Charlton v. Davis,* 439 F.3d 369, 374 (7th Cir. 2006) (citing *McFowler v. Jaimet,* 349 F.3d 436, 446 (7th Cir. 2003)).

To be an "unreasonable application" under the AEDPA, the state court must have been "not only erroneous, but objectively unreasonable." *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003). A petitioner must "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Hicks v. Hepp*, 871 F.3d 513, 524–25 (7th Cir. 2017) (quoting *Harrington v. Richter*, 562 U.S. 86, 131 (2011)). The petitioner bears the burden of proving that the state court's application of federal law was unreasonable, and the "unreasonable application" prong of § 2254(d) "is a difficult standard to meet." *Jackson v. Frank,* 348 F.3d 658, 662 (7th Cir. 2003). Petitions brought under § 2254 are limited to questions regarding state court application of federal law. *Estelle v. McGuire,* 502 U.S. 62, 67-68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions.").

A federal court may not grant habeas relief unless the petitioner first "exhaust[s] the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1). To meet the exhaustion requirement, a petitioner challenging his custody pursuant

to a judgment entered by an Illinois court must appeal the judgment to the Illinois Appellate Court, as well as present all of his claims in a petition for leave to appeal before the Illinois Supreme Court. *Guest v. McCann*, 474 F.3d 926, 929-30 (7th Cir. 2007) (citing *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–46 (1999)).

As a part of the exhaustion requirement, it is the habeas petitioner's duty to present his federal claims to the state courts fully and fairly. *See Malone v. Walls,* 538 F.3d 744, 753 (7th Cir. 2008) (citations omitted). To "fairly" present a claim, a petitioner must raise the same operative facts and controlling legal principles before the state courts in a procedurally proper manner. *See Picard v. Connor,* 404 U.S. 270, 275-76 (1971); *see also Baldwin v. Reese,* 541 U.S. 27, 29 (2004). In other words, a petitioner is required to present the state courts with "the same [substantive] claim that he urges upon the federal courts." *Picard,* 404 U.S. at 275–76. To "fully" present a claim, the petitioner must complete one round of state court review of a fairly presented claim, including seeking discretionary review before the state supreme court. *McAtee v. Cowan,* 250 F.3d 506, 508–09 (7th Cir. 2001) (citing *O'Sullivan,* 526 U.S. at 845–48).

When a petitioner has exhausted all state court remedies, the Court must also look to the procedural default doctrine when reviewing a writ for habeas corpus. *O'Sulliva*n, 526 U.S. at 853. The procedural default doctrine will preclude a federal court from addressing the merits of a habeas claim when "either (1) that claim was presented to the state courts and the state-court ruling against the petitioner rests on adequate and independent state-law procedural grounds, or (2) the claim was not

presented to the state courts and it is clear that those courts would now hold the claim procedurally barred." *Perruquet v. Briley,* 390 F.3d 505, 514 (7th Cir. 2004).

## **ANALYSIS**

The majority of Powell's claims are not cognizable as they concern the interpretation and application of Illinois laws. Claims 1, 2, 4, 5, 6, and 8 present non-cognizable claims for relief that rest solely on questions of state law. "We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.'" *Estelle,* 502 U.S. at 67 (quoting *Lewis v. Jeffers,* 497 U.S. 764, 780 (1990)). The remaining claims, 3 and 7, are similarly faulty as they are premised on Constitutional rights not afforded to Powell in his civil commitment proceedings.

Powell's first claim, that the State missed the deadline prescribed in the Act for filing a sexually violent person petition is a question of statutory interpretation. This inescapable fact was recognized by the Supreme Court of Illinois and again by this Court in Powell's initial habeas petition. *In re Det. of Powell,* 217 Ill. 2d 123, 135 (Ill. 2005) ("The issue before us is a matter of statutory construction."); *Powell v. Saddler,* 2012 WL 3880198, at *4 (N.D. Ill. Sept. 6, 2012) ("This question presented solely an issue of statutory interpretation of Illinois state law."). As such, claim one is not cognizable under federal habeas relief. *See Ben-Yisrayl v. Buss,* 540 F.3d 542, 555 (7th Cir. 2008) ("We are bound by a state court's interpretations of state law.").

Powell's second claim in his § 2254 Petition also presents a non-cognizable question of state law. Whether Powell received a probable cause hearing as required by 725 ILCS 207/30 is a matter of state law and not a violation of the Sixth

Amendment's Confrontation Clause as suggested by Powell. The Act provides that those subject to a petition have the right "[t]o present and cross-examine witnesses." 725 ILCS 207/25(c)(3). However, the Act is silent on what effect a stipulation has on this statutorily granted right. Therefore, whether a petitioner's stipulation nullifies his right to cross-examine witnesses presents a question of state statutory construction that is not a cognizable basis for federal habeas relief. *See Buss,* 540 F.3d at 555. Additionally, Powell does not have Sixth Amendment rights in the civil context. *See Kansas v. Hendricks,* 521 U.S. 346, 364-65 (1997) ("That Kansas chose to afford such procedural protections does not transform a civil commitment proceeding into a criminal prosecution."). Any procedural safeguards afforded to Powell in the civil commitment context were creatures of state statute and not the United States Constitution. Additionally, this claim is procedurally defaulted because Powell did not include it in his petition for leave to appeal to the Supreme Court of Illinois. *See Perruquet,* 390 F.3d at 514.

Powell's third claim contends that *ex post facto* principles should have prevented the application of the 2001 amendments of the Act to his case. This claim is fatally flawed as the *ex post facto* clause "has been interpreted to pertain exclusively to penal statutes," which the Act is not. *Hendricks,* 521 U.S. at 370. In fact, the Supreme Court has already spoken on this question in addressing Kansas's version of the Sexually Violent Persons Commitment Act. *See Hendricks,* 521 U.S. at 370-71 ("As we have previously determined, the Act does not impose punishment; thus, its application does not raise *ex post facto* concerns."). The Supreme Court of Illinois has

similarly broached the question and held that the Supreme Court's decision in *Kansas* "is dispositive." *In re Det. of Samuelson,* 189 Ill.2d 548, 558 (Ill. 2000). "The points raised by the United States Supreme Court apply with equal force to Illinois' version of the law." *Id.* at 559. Because the Act's proceedings are civil in nature, *ex post facto* concerns cannot serve as the basis for a federal habeas claim.

Powell's fourth claim regarding his right to a speedy trial is similarly deficient. Powell purports to bring this claim under the Sixth Amendment to the United States Constitution but is in fact basing his claim on a violation of Illinois law. The Sixth Amendment, and its speedy trial clause, is plainly limited to "all criminal prosecutions." U.S. Const. amend. VI; *see also Turner v. Rogers,* 564 U.S. 431, 441 (2011) ("But the Sixth Amendment does not govern civil cases."). Here, the Act provides that a trial "shall commence no later than 120 days after the date of the probable cause hearing under Section 30 of this Act." 725 ILCS 207/35(a). Any alleged violation of a trial deadline was violative of the Act and not any federally bestowed right. Claim four sounds in violation of Illinois law and is not a cognizable claim under § 2254. *Estelle,* 502 U.S. at 67. This claim is further defaulted because Powell did not preserve it and did not include it in his petition to appeal. *See In re Det. of Powell,* 2016 IL App (1st) 130795-U, at ¶¶ 53-54.

Powell's fifth claim asserts that the Act does not provide for a re-trial after a hung jury and therefore the State's "second bite at the apple" was violative of the Act and the Double Jeopardy Clause. The Act provides that "[i]f the court or jury is not satisfied beyond a reasonable doubt that the person is a sexually violent person, the

court shall dismiss the petition and direct that the person be released." 725 ILCS 207/35(f). Powell's claim thus relies on the interpretation of a state statute—a non-cognizable basis for federal habeas relief. *See Buss,* 540 F.3d at 555. Further, to the extent that Powell's claim stems from an alleged violation of the Fifth Amendment's Double Jeopardy Clause, it is equally non-cognizable. The Act and the proceedings that Powell was subjected to in state court were civil in nature and do not implicate the Double Jeopardy Clause. *See Hendricks,* 521 U.S. at 364-65 ("Moreover, as commitment under the Act is not tantamount to 'punishment,' Hendricks' involuntary detention does not violate the Double Jeopardy Clause."). Accordingly, claim five fails to state a viable claim for habeas relief.

Claim six of Powell's Petition alleges that the State impermissibly used out-of-state juvenile convictions as evidence that Powell was a sexually violent person. This claim centers on whether the State met its burden of establishing each element required to find Powell to be a sexually violent person under the Act. A "sufficiency-of-the-evidence claim" is not cognizable and is beyond the scope of federal habeas relief under § 2254. *Crockett v. Butler,* 807 F.3d 160, 168 (7th Cir. 2015) ("[H]is sufficiency-of-the-evidence claim would still fail on the merits. Federal habeas corpus relief is not available to correct perceived errors of state law."). Powell's allegation that the state court misunderstood or misapplied the substantive elements of a state law "is not cognizable under § 2254." *Id.*

In claim seven, Powell claims he is entitled to habeas relief because the State's experts relied on inadmissible hearsay evidence in violation of the Confrontation

Clause. The Sixth Amendment affords certain protections to individuals strictly in the criminal setting. *See Turner,* 564 U.S. at 44. Civil commitment cases, specifically the Act in question here, do not alter this principle. *See In re Det. of Samuelson,* 189 Ill. 2d at 558. Because the Confrontation Clause did not govern Powell's state court civil proceedings, he cannot now seek habeas relief under the theory that he was denied rights he was not entitled to.

Finally, claim eight argues that, under the Act, the State should not have been permitted to allow Dr. Buck, an expert witness, to testify. Powell suggests that Dr. Buck, the evaluator for the Illinois Department of Corrections, did not have jurisdiction over him at the time of the evaluation, in violation of the Act. Powell's claim facially and unquestionably hinges on the interpretation of the statute. As was the case with several other claims, claims regarding the interpretation of state law simply cannot form the basis of § 2254 relief. *See Buss,* 540 F.3d at 555. Powell's eighth claim could also be read as proceeding under a theory that his Confrontation Clause rights were violated. However, as noted above, the Sixth Amendment plays no part in civil proceedings and therefore is not an alternatively viable claim. *See Turner,* 564 U.S. at 441.

## **CONCLUSION**

For the reasons stated within, the Court denies Powell's Petition for Writ of Habeas Corpus. The Court further declines to issue a certificate of appealability. Powell has not made a substantial showing of the denial of a constitutional right. It cannot be said that reasonable jurists would debate whether his petition stated valid

claims. *Slack v. McDaniel,* 529 U.S. 473, 484 (2000). Powell's claims have been soundly resolved by the United States Supreme Court and the Illinois Supreme Court. It is thus beyond reasonable dispute that Powell presents non-cognizable and meritless claims.

_____
Virginia M. Kendall
United States District Judge

Date: July 3, 2019